IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANIEL DAVIS, III,

    Petitioner,

v.                                                          CASE NO. 1:10-cv-00069-MP-AK

WALTER A. McNEIL,

    Respondent.

_____/

# **O R D E R**

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Doc. 4, Petitioner's motion for leave to proceed *in forma pauperis*. Petitioner's affidavit of indigency reflects that he does not have sufficient funds to pay the habeas corpus filing fee, and therefore the motion is due to be granted.

Petitioner failed to provide the Court with two copies of the Petition, which are required for service upon the Respondent and the Florida Attorney General. See Rule 3, Rules Governing § 2254 Cases. Petitioner must provide the copies before the Court orders a response to the Petition.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That Petitioner's IFP motion, Doc. 4, is **GRANTED**;

2. That Petitioner shall have until **June 11, 2010**, to provide the Court with two (2) service copies of the Petition;

3. **That the failure to comply with this order within the allotted time could result in the dismissal of this case for failure to prosecute and failure to comply with an order of this court.**[1]

**DONE AND ORDERED** this___13th___day of May, 2010

                *s/Maurice M. Paul*
         Maurice M. Paul, Senior District Judge

---

[1] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. See 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post- conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).