IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANIEL DAVIS, III,

      Petitioner,

v.                                  CASE NO. 1:10-cv-69-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)  The Respondent filed a response and an appendix with relevant portions of the state-court record.  (Doc. 25.)  Petitioner filed a reply.  (Doc. 34.)  Upon due consideration of the Petition, the Response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## Summary of State Court Proceedings

Petitioner's underlying conviction stems from sexual activity with his minor cousin. The procedural history of the case is helpful in reviewing Grounds 1 and 2 of the petition:

- **October 22, 2004**: Petitioner is arrested.

- **January 13, 2005**: The state files an information charging Petitioner with one count of sexual battery on a person 12 years of age or older.  (Exh. A.)

- **January 19, 2005**: Petitioner enters a plea of not guilty via his first attorney, Assistant Public Defender Teresa Donnelly.

_____

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

- **March 23, 2005**: Petitioner files a motion to compel evidence, noting that he has been custody for 5 months since his arrest and that the 175-day speedy trial period is set to expire on April 22, 2005.  (Exh. D.)

- **April 15, 2005**: Approximately 175 days have elapsed since Petitioner's October 22, 2004 arrest.

- **April 20, 2005**: The defense files a waiver of speedy trial signed by Petitioner.  At a hearing the same day, trial counsel informs the court that a plea offer is pending and if Petitioner does not take it, the State may file additional, more serious charges.  The State stated that it would be ready for trial in May, but because Petitioner's trial counsel had not yet deposed the victim, it was unlikely the defense would be ready at that time.

- **April 25, 2005**: Petitioner pleads no contest to the single charge in the information.

- **May 4, 2005**: Petitioner files a motion to withdraw plea.

- **December 8, 2005**: The Court grants Petitioner's motion to withdraw his plea.

- **March 16, 2006**: Petitioner files a *pro se* notice of expiration of speedy trial.

- **March 20, 2006**: The court strikes Petitioner's *pro se* filing because he is represented by counsel.

- **April 19, 2006**: Petitioner's trial counsel files a motion to continue.

- **June 5, 2006**: Trial court grants the State's request to enter evidence of other crimes or acts and denies Petitioner's motion to suppress statements he made to police.  The State files an amended information alleging three counts: Count I, sexual battery by use of force not likely to cause serious personal injury; Count II, lewd or lascivious battery committed upon a child under 16 years of age; and Count III, lewd or lascivious battery committed on a child under 12 years of age.

- **July 18, 2006**: Jury trial.  Jury finds Petitioner not guilty on Counts I and III of the amended information and guilty on Count II, lewd or lascivious battery on a child under 16 years of age.  (Exhs. NN, OO.)

At his trial, the State presented testimony from the victim; her mother; a

Gainesville Police Department detective; Petitioner's sister, who alleged to have been

molested by her brother when she was a child; and an audio recording of Petitioner's interview with police admitting to having sexual encounters with the victim. Petitioner presented the testimony of his mother and a former roommate. On October 23, 2006, Petitioner was sentenced to 13 years in prison. (Exh. RR, SS.)

Petitioner's appellate counsel filed an brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), setting out a detailed statement of the case and facts and representing that she was unable to make a good faith argument that reversible error was committed in the lower court. (Exh. TT.) The First DCA affirmed without opinion on March 3, 2008. (Exh. U); *Davis v. State*, 976 So. 2d 1098 (Fla. 1st DCA 2008). Mandate issued March 31, 2008. (Exh. VV.) Petitioner filed a *pro se* Fla. R. Crim. P. 3.850 motion on October 24, 2008, setting forth seven claims of ineffective assistance of counsel. (Exh. WW.) The trial court denied the 3.850 motion, without an evidentiary hearing, on May 22, 2009. (Exh. XX.) The First DCA affirmed without opinion on November 3, 2009. (Exh. CCC); *Davis v. State*, 23 So. 2d 714 (Fla. 1st DCA 2009). Mandate issued January 4, 2010. (Exh. FFF.)

The instant Petition, which Respondent concedes is timely, followed on May 28, 2010, and he asserts five claims of ineffective assistance of counsel in his *pro se* Petition. (Doc. 1.)

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all

federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11ᵗʰ Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11ᵗʰ Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal

habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests.  The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. *Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely

addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir.2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id.* at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

## Ineffective Assistance of Counsel

Because Petitioner's claims allege ineffective assistance of counsel, a review of the applicable law is necessary. Under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984), to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to

carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington* 131 S.Ct. at 786. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging

the performance of counsel "is a most deferential one." *Id.* at 788. When combined

with the extra layer of deference that § 2254 provides, the result is double deference and

the question becomes whether "there is any reasonable argument that counsel satisfied

*Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a

petitioner to overcome, and it will be a rare case in which an ineffective assistance of

counsel claim that was denied on the merits in state court is found to merit relief in a

federal habeas proceeding.

## Discussion

### Ground 1: Ineffective Assistance - Failure to file notice of expiration of state speedy trial period

Petitioner contends that trial counsel rendered ineffective assistance by failing to

file a notice of expiration of speedy trial. (Doc. 1.) Petitioner alleges that he was

arrested on October 22, 2004; on March 23, 2005, his trial counsel filed a motion to

compel evidence wherein she stated Petitioner's speedy trial rights were still intact; his

175-day speedy trial period expired on April 14, 2005; on April 20, 2005, Petitioner filed

a waiver of speedy trial. (Exh. E.) Petitioner alleges that he was prejudiced by trial

counsel's failure to give notice that the speedy trial period expired and file a motion to

discharge because: (1) the State could not have brought him to trial within the recapture

period; (2) the State was afforded additional time to prepare its case; and (3) he was

precluded from raising the speedy trial issue on direct appeal. (Doc. 1, p. 6.)

In rejecting this claim on postconviction review, the state court wrote:

In the first ground Defendant alleges that trial counsel Teresa Donnelly was ineffective for failing to file a notice of expiration of Defendant's right to speedy trial. On April 20, 2005, Defendant waived his right to speedy trial in open court. *See* Waiver of Speedy Trial, dated April 20, 2005. At that time,

trial counsel admitted on the record that the defense was not prepared for trial as the victim in the case was not prepared for trial as the victim in the case had not yet been deposed. *See* Case Management Conference, dated April 20, 2005, at 3-4. Counsel cannot be found ineffective for failing to move for speedy trial when counsel knows they are unprepared for trial. *See Bryant v. State*, 723 So. 2d 878 (Fla. 5th DCA 1998). Furthermore, it appears that Defendant waived his right to speedy trial in an effort to take advantage of a more favorable plea offer from the State. Defendant has failed to show that trial counsel was ineffective or that he was prejudiced by her inactions. This claim is without merit.

(Exh. XX.) The First DCA *per curiam* affirmed without written opinion. (Exh. CCC.)

In Florida, a defendant charged with a felony should be brought to trial within 175 days of arrest. Fla. R. Crim. P. 3.191(a). However, the rule is not self-executing; after the 175-day speedy trial period has expired, the defendant must file a Notice of Expiration of Speedy Trial to trigger the provisions of the rule. The defendant is then entitled to trial within a 15-day recapture period. Fla. R. Crim. P. 3.191(g), (p).[2] The court will generally not order a trial under Rule 3.191 within the shortened time period, however, if certain exceptions apply, including when the failure to hold the trial is attributable to the accused or their counsel. However, a defendant can waive the right to speedy trial, and a defense attorney can waive speedy trial on her client's behalf, even against his wishes. *See, e.g., MacPhee v. State*, 471 So. 2d 670, 671 (Fla. 2d DCA 1985).

In Petitioner's case, the 175-day speedy trial period expired April 15, 2005. On April 20, 2005, he waived his speedy trial rights in order to consider the State's plea

---

[2] Prior to the amendment of Fla. R. Crim. P. 3191 in 1984, if the default period expired, the defendant was generally entitled to automatic discharge upon motion. The rule was amended to reflect the recapture period, which "illustrates the principle that a defendant has a right to speedy trial, not a right to speedy discharge without trial." *State v. Nelson*, 26 So.3d 570, 576 (Fla. 2010).

offer. Furthermore, trial counsel stated at a hearing that same day that she would not be ready for trial in May because she had been unable to depose the victim. (Exh. F, p. 3.)

Petitioner appears to be under the assumption that his waiver was a nullity because the speedy trial period had expired. As discussed above, the speedy trial period is not self-executing; furthermore, a post-expiration waiver is recognized by Florida courts. *See, e.g., State v. Nelson,* 26 So.3d 570, 580 (holding that a post-expiration continuance chargeable to the defense waives the defendant's speedy trial rights).

As to Petitioner's claim that he was prejudiced because the State could not have brought him to trial within the recapture period, the record reflects the contrary–that the State would have been ready to proceed to trial. At the April 20, 2005 hearing, the prosecutor told the trial court that "we actually would" be ready for trial in May. (Exh. F, p. 3.) But Petitioner's trial counsel would <u>not</u> have been ready for trial in May, per her own admission, because she had not yet deposed the victim due to difficulty in locating her.

Trial counsel cannot be deemed deficient for failing to push the State to bring Petitioner to trial where the State was ready for trial but defense counsel was not. Even assuming, *arguendo,* that counsel was deficient, Petitioner has not shown prejudice. Petitioner has failed to demonstrate that the proceedings would have had a different outcome if trial counsel invoked his speedy trial rights pursuant to Rule 3.191. First, he has not shown that the trial court would have ordered that Petitioner be brought to trial within 10 days, pursuant to Rule 3.191(p). Even if the trial court did order trial, Petitioner has failed to demonstrate that there is a reasonable probability the State would have

failed to bring him to trial within the recapture period.  To the contrary, the record reflects

that the State was prepared to proceed to trial during the recapture period but defense

counsel was not.  (Exh. F); *see also Davis v. McNeil*, Case No. 4:06-cv-534-MMP-EMT,

2009 WL 3756326 (N.D. Fla. 2009) (rejecting ineffective assistance claim where trial

counsel did not file a notice of expiration of speedy trial and filed a post-expiration

motion for continuance).

On this record, Petitioner has failed to show that the state court's rejection of this

claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable

determination of the facts in light of the evidence adduced in state court.

### Ground 2: Ineffective Assistance - Failure to object to amended information filed after the expiration of speedy trial

Petitioner contends that his trial counsel rendered ineffective assistance "for

failing to move to dismiss new crime charges on the specific ground that the filing of new

charges based on the same conduct, after the expiration of the speedy trial time period

had elapsed violated the Petitioner's right to a speedy trial."  Petitioner alleges that

because the amended information was untimely, and that the only charge he was

convicted of was not contained in the original information, he was prejudiced because

had trial counsel challenged the amended information, Petitioner would have been

acquitted and freed.  (Doc. 1, pp. 5, 7.)  In rejecting this claim on postconviction review,

the state court concluded:

> As to ground (iii), Defendant claims that trial counsel was ineffective for failing to "appropriately preserve a potentially reversible error of new crime charges." Defendant alleges that trial counsel should have objected to the new charges filed by the State because they were filed in violation of Defendant's right to a speedy trial.

Defendant entered a plea of guilty on April 25, 2005. Prior to that, at a case management conference held on April 20, 2005, it was stated that the terms of the plea agreement included a stipulation that if the Defendant did not accept the plea offer, the State would file additional charges. *See* Transcript of Case Management Conference, dated April 20, 2005, at 2. Defendant also waived his right to a speedy trial at that time. *See* Transcript of Case Management COnference, dated April 20, 2005, at 4. On December 8, 2005, the Court granted Defendant's motion to withdraw his previously entered plea. The State then amended Defendant's charges prior to trial on June 5, 2006.

Defendant relies on *Clifton v. State*, 905 So. 2d 173 (Fla. 5th DCA 2005) in support of his argument. Defendant does note that trial counsel did bring this to the attention of the Court during the Nelson hearing, but it is clear from the record that trial counsel did not agree with Defendant that this case was applicable to Defendant's own case. *See* Transcript of Jury Selection and Nelson hearing dated July 17, 2006, at 13-14. In *Clifton* the appellate court ruled that the state could not amend an information to add additional charges arising out of the same criminal episode after a defendant's speedy trial time has expired. This case is distinguishable from the instant case because the defendant in *Clifton* did not enter a plea and proceed to withdraw it. *Id.*

The facts of Defendant's case are strikingly similar to those of *State v. Rosenfeld*, 467 So. 2d 731 (Fla. 3d DCA 1985). In that case the defendant entered a plea with the understanding that if she did not, the state would add additional charges. *Id.* She later withdrew her plea, and the state amended her charges. *Id.* The defendant then argued that the charges were filed in violation of her right to speedy trial. *Id.* The appellate court found that because the defendant had chosen to withdraw her plea, she had taken her case "outside the ambit of rule 3.191." *Id.* at 732.

Based on Defendant's previous waiver of speedy trial and the appellate court's ruling in *Rosenfeld,* the Court finds this argument to be without merit.

(Exh. XX.) The First DCA *per curiam* affirmed without written opinion. (Exh. CCC.)

Petitioner contends that had trial counsel objected to the new charges in the amended information, the trial court would have granted the motion, and he would have been acquitted because at trial the jury only found him guilty of lewd or lascivious molestation, not sexual battery, which was the only charge in the original information. However, as the state court points out, Petitioner's argument is flawed because (1) he

waived his right to speedy trial, as explained above in Ground 1; and (2) his plea was negotiated on the grounds that the state would not file additional charges if Petitioner agreed to plea. At the pre-trial hearing on April 20, 2005, trial counsel informed the court that the possibility of additional charges if Petitioner did not accept the plea offer was significant because he could face a fist-degree felony punishable by life in prison. (Exh. F.) Petitioner entered his plea April 25, 2005, but later withdrew it, with the court granting his motion to withdraw the plea on December 8, 2005. (Exh. N.) At a hearing conducted shortly before trial, trial counsel informed the court that Petitioner had asked him to file an motion to dismiss the amended information, but he did not feel the motion would be well-founded where Petitioner had waived his right to speedy trial. (Exh. JJ, pp. 11-16.)

Here, trial counsel cannot be deemed deficient where he declined to file a motion to dismiss the amended information where he reasonably believed it was not well-founded based on the application of his client's facts to the existing law. (Exh. J.) Furthermore, Petitioner had waived his right to speedy trial and entered his plea in exchange for the State declining to file additional charges. *State v. Rosenfeld,* 467 So. 2d 731 (Fla. 3d DCA 1985), involved facts nearly identical to Petitioner's case–where a defendant secures a plea to avoid additional charges and later withdraws the plea, the case is taken "outside the ambit of rule 3.191" *Id.* at 732. Even assuming, *arguendo,* that counsel was deficient, Petitioner has not shown prejudice. It is not reasonably probable that the motion to dismiss would have been granted, in light of the fact that Petitioner had waived speedy trial and negotiated a plea to avoid additional charges but later withdrew the plea.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Ground 3: Ineffective Assistance - Failure to depose Williams Rule witness or preserve issue for appeal

Petitioner contends that his trial counsel rendered ineffective assistance in failing to depose the State's witness prior to the Williams Rule hearing and failing to object to the evidence at trial or preserve the issue for appeal.[3]  Petitioner alleges that but for counsel's failure, the evidence would have been excluded and he would have been found not guilty on all three counts.  (Doc. 1, pp. 8-9.)  In rejecting this claim on postconviction review, the state court concluded:

> In ground (v) Defendant alleges that trial counsel was ineffective for failing to object to the State's use of Williams Rule evidence and for failing to preserve the issue for appeal.   Defendant claims that trial counsel was ineffective for failing to depose State's witness Minter prior to the hearing on the State's Notice of Intent to Offer Evidence of Other Crimes, Wrongs or Acts.  It is unclear why Defendant thinks this rendered trial counsel ineffective or what Defendant believes would have gained by deposing the witness before the hearing.  Defendant claims that the State did not have to prove that the testimony had probative value, but this is not the case.  According to the Court the State did establish that the probative value of the testimony [sic]. *See* Order on State's Notice of Intent to Offer Evidence of Other Crimes, Wrongs or Other Acts, dated June 5, 2006.
>
> Defendant also claims in this ground that his appellate counsel informed him that the issue of the Williams Rule evidence was not properly preserved for appeal.  The fact that a hearing was held on the Motion, in which trial counsel cross-examined the State's witnesses and presented the Court with legal

---

[3] Petitioner also contends in Ground 3 that trial counsel should have called his mother (also the mother of the witness) to testify at the Williams Rule hearing. However, he did not make this argument to the state court.  Because the issue as to calling his mother to testify at the hearing is procedurally defaulted, it is precluded from federal habeas review.

argument regarding the issue, implies that the issue was preserved for appeal. However, assuming it was not preserved, Defendant still must show that the failure to object prejudiced the outcome of the trial. *Carratelli v. State*, 961 So. 2d 312, 325 (Fla. 2007). Because trial counsel did object, and participated fully in a hearing on the Motion, and the Court found in favor of the State, no prejudice was suffered by Defendant at trial. This claim is without merit.

(Exh. XX.) The First DCA *per curiam* affirmed without written opinion. (Exh. CCC.)

Petitioner argues that had trial counsel deposed the witness prior to the hearing, "he could have readily discovered evidence that this crime did not occur" and that the State would have been unable to prove by clear and convincing evidence that the prior act was committed. (Doc.1, p. 9.) Even assuming, *arguendo,* that counsel was deficient, Petitioner cannot show prejudice. The trial court did make a determination that the State established the probative value of the witness outweighed its prejudicial effect, where both acts were familial in nature and the victims were approximately the same age. (Exh. X.) Prior to the hearing, trial counsel was on notice that Petitioner's cousin would testify that she engaged in sexual acts with Petitioner. This was the substance of her testimony at the hearing. Petitioner has not shown that the trial court's ruling would have been different had the witness been deposed beforehand.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Ground 4: Ineffective Assistance - Failure to object to evidence outside of statement of particulars or adequate motion for judgment of acquittal

Petitioner contends that his trial counsel rendered ineffective assistance by failing to argue, in an objection and in the motion for judgment of acquittal, that the victim's

testimony did not support the State's statement of particulars for count two, which gave

a time frame of May or June 2004. Petitioner alleges that because the victim testified

that the last incident occurred in the summer of 2004 – summer did not technically start

until June 21, 2004, and he was in jail at the time – that had the issue been raised in the

motion for judgment of acquittal, the motion would have been granted. (Doc. 1, pp. 8,

10.) In rejecting this claim on postconviction review, the state court concluded:

> As to ground (vi) Defendant claims that trial counsel was ineffective for arguing an insufficient motion for judgment of acquittal. In order to establish a claim of ineffective assistance of counsel based on counsel's failure to file an adequate motion for judgment of acquittal, a defendant must allege facts on which the motion should have been pled and that the motion likely would have been granted. *Rogers v. State*, 567 So. 2d 483, 484 (Fla. 1st DCA 1999); *see also, Boykin v. State*, 725 So. 2d 1203 (Fla. 2d DCA 1999).
>
> Defendant argues that trial counsel should have specifically objected on the grounds that the State failed to establish that the alleged incidents occurred in the time frames established by the charging document. The charging document in the instant case charged Defendant with one count of sexual battery by force and two counts of lewd or lascivious battery. Each of these incidents was alleged to have occurred between January 1, 2000 and June 30, 2004.
>
> Prior to trial counsel filed a motion for bill of particulars requesting that the State narrow down the dates in which the alleged incidents happened and the Court granted the motion on July 14, 2006. *See* Motion for Bill of Particulars, dated July 11, 2006; Order Granting Defendant's Motion for Bill of Particulars, dated July 14, 2006. The State filed a Statement of Particulars on July, 17, 2006. *See* Statement of Particulars, filed July 17, 2006. It stated that the first incident happened in the summer of 2001, the last incident occurred in either May or June of 2004, and that there were multiple incidents that happened in the time in between. *See* Statement of Particulars, filed July 17, 2006.
>
> Defendant's objection to all of this is that at trial the victim testified that the last incident occurred in July of 2004. In fact, the victim testified that her grandmother died in July of 2004, and that the incident happened that same summer. *See* Trial Transcript, dated July 18, 2006, at 35. The victim's mother testified that the victim told her about the incidents in July 2004. *See* Trial Transcript, dated July 18, 2006, at 56-60. A motion for judgment of acquittal must be judged in the light most favorable to the state. In the instant

case, although the victim did not give a specific date as to the day that the incident occurred, it is clear that at least one of the incidents occurred in the summer of 2004 prior to July. The evidence presented at trial was sufficient, if believed by the jury, to sustain a conviction. Therefore it is unlikely that a more specific motion for judgment of acquittal would have been granted. With regards to trial counsel's motion for judgment of acquittal on the other charges, Defendant did not suffer any prejudice because the jury eventually acquitted Defendant of the sexual battery charge and the lewd lascivious charge on a victim under the age of 12.

Because Defendant has failed to show that a more specific motion for judgment of acquittal likely would have been granted or that he suffered any prejudice, the claim is without merit.

(Exh. XX.) The First DCA *per curiam* affirmed without written opinion. (Exh. CCC.)

Petitioner's attempt to narrow the definition of "summer" after the trial is unavailing, especially where the record shows that "summer" included May or June 2004. However, even assuming, *arguendo*, that trial counsel was deficient for not making this argument in the motion for judgment of acquittal, Petitioner has not demonstrated prejudice. If trial counsel had made a more specific motion, there is still no reasonable probability that the outcome of the trial would have been different.

In Florida, the test for sufficiency of the evidence is whether a "rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Melendez v. State*, 498 So. 2d 1258, 1261 (Fla. 1986) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). As long as there is sufficient evidence in the record to support every reasonable inference from evidence favorable to the state, the appellate court will affirm judgment. *Adkins v. Adkins*, 650 So. 2d 61, 62 (Fla. 3d DCA 1994).

The crime of lewd or lascivious battery in Florida is defined by Florida Statute § 800.04(4) as:

(4) Lewd or Lascivious Battery.–A person who:

(a) Engages in sexual activity with a person 12 years of age or older but less than 16 years of age; or

(b) Encourages, forces, or entices any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity

Fla. Stat. § 800.04. "Sexual activity" is defined in the statutes as: "the oral, anal, or vaginal penetration by, or union with, the sexual organs of another or the anal or vaginal penetration of another by any other object . . ." Fla. Stat. § 800.04(1)(a). Here, the State presented sufficient evidence from which a reasonable jury could find that Petitioner committed the crime of lewd or lascivious battery on a child between the ages of 12 and 16, during May or June of 2004, where the victim testified that the last incident of sexual activity between herself and Petitioner occurred during the summer of 2004, before July. The victim's mother testified that the victim told her about the incidents in July 2004. Accordingly, there is no reasonable probability that had trial counsel argued a more specific motion for judgment of acquittal, the motion would have been granted.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Ground 5: Ineffective Assistance - Failure to amend motion to suppress or object to evidence at trial

Petitioner contends that trial counsel rendered ineffective assistance by failing to amend the motion to suppress the introduction of statements made by Petitioner to police. Petitioner contends that trial counsel should have argued that there was no

probable cause for Defendant's original arrest; that his Miranda rights were violated; and

that the statements were not relevant.   (Doc. 1, pp. 11-12.)  In rejecting this claim on

postconviction review, the state court wrote:

> In ground (iv) Defendant claims that trial counsel was ineffective for failing to amend Defendant's motion to suppress.  A motion to suppress was filed on behalf of Defendant on March 27, 2006 and a hearing was held on May 16, 2006.  Defendant claims that counsel should have raised three additional issues to amend the motion.
>
> First, Defendant claims that trial counsel should have argued that there no probable cause for Defendant's original arrest.  When Defendant was taken from his home to the police station for questioning, he was specifically told he was not under arrest.  *See* Motion Hearing Transcript, dated May 15, 2006, at 52.  The State then clarified that the officer stated on the DVD of the interrogation that Defendant was not under arrest when he arrived at the police station.  *See* Motion Hearing Transcript, dated May 15, 2006, at 87. Although Defendant is incorrect that he was not under arrest, counsel did argue that he was in custody and not free to leave.  *See* Motion Hearing Transcript, dated May 15, 2006, at 85.  Therefore argument was presented on behalf of Defendant to the effect that he was in custody when the incriminating statements were made and no further argument by counsel was necessary.
>
> Next Defendant alleges that trial counsel should have argued that Defendant's Miranda rights were violated.  It appears that Defendant is arguing that his Miranda rights were violated when he told the officer to take him to jail or let him go, and the officer did not understand that to be an invocation of Defendant's right to remain silent.  This issue was addressed by counsel during cross-examination of the officer.  *See* Motion Hearing Transcript, dated May 15, 2006, at 65-66.  Furthermore the officer stated that had Defendant specifically asked that the questioning stop, his request would have been granted.  *See* Motion Hearing Transcript, dated May 15, 2006, at 65.  There was nothing more for trial counsel to argue with regards to this issue.
>
> The third amendment Defendant claims trial counsel should have made to the motion is that the statements were not relevant.  Defendant claims that on the CD of the interrogation Defendant mentions vaginal sex and that this was irrelevant because he was talking about a dream.  The CD includes audio of him saying it was a dream, so the jury heard that clarification.  This one comment does not render the entire CD irrelevant.  Defendant also claims that when the State filed the statement of particulars, with regards to the date

of the alleged offenses, his statements became irrelevant because his statements involved different dates than those in the charging document. During the recorded interrogation Defendant admits that he and the victim had sexual intercourse in December of 2003. The charging document alleges that the incidents occurred between January 2000 and June 2004. The State later narrowed down the dates for count II to May or June of 2004. During the CD Defendant also describes other encounters with the victim that were of a sexual nature, all occurring at different times. There was no discrepancy in the dates between the one encounter Defendant described and the dates in the State's amended charging document.

Counsel was not ineffective for failing to raise any of these amendments.

(Exh. XX.) The First DCA *per curiam* affirmed without written opinion. (Exh. CCC.)

With regard to the first two sub-issues Petitioner raises in this claim–relating to probable cause and his Miranda rights–as the state court notes, trial counsel did present argument on these grounds. Therefore, he cannot be deemed deficient when he performed the actions Petitioner alleges he failed to do.

As to Petitioner's arguments that the recording was irrelevant because he was talking about a dream involving different dates, the state court's conclusion that one comment did not render the entire recording irrelevant and that there was no discrepancy in the dates is supported by the record. Even assuming, *arguendo,* that counsel was deficient, Petitioner has not shown prejudice. It is not reasonably probable that the exclusion of the audio evidence of Petitioner's statements would have resulted in a not guilty verdict, especially where the victim and her mother both testified at trial.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2. That a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 23rd day of August 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.